IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL J. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-6195-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning July 12, 2003, due to a combination of physical and mental impairments. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) rejecting the opinion of plaintiff's treating psychiatrist; (2) rejecting the opinion of plaintiff's treating rehabilitation doctor; (3) rejecting plaintiff's testimony; and (4) failing to meet his burden regarding plaintiff's ability to perform other work.

A.    Plaintiff's Credibility

Plaintiff testified that he has neck pain twenty-four hours a day, seven days a week and that almost any activity will increase the pain. Tr. 259-60. Plaintiff testified to a virtual inability to do any activity. Tr. 260-74.

The ALJ rejected plaintiff's testimony. In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test, a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that he produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to

2 - ORDER

meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff developed severe impairments following a motor vehicle accident, including neck pain and depression. The ALJ determined that plaintiff has the following severe impairments: history of neck and shoulder strain; knee ligament injury; history of hand swelling; history of acromioclavicular separation and status post open reduction and internal fixation; obesity; early cervical degenerative disc disease; diabetes mellitus, and history of depression. Tr. 15. The ALJ did not state that plaintiff is malingering, but the ALJ did determine that the record reflects symptom magnification. Tr. 17. Nonetheless, the ALJ did find that plaintiff's impairments could marginally be expected to produce the alleged symptoms. Tr. 17.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of his symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

3 - ORDER

> (1) ordinary techniques of credibility evaluation, such
> as the claimant's reputation for lying, prior
> inconsistent statements concerning the symptoms, and
> other testimony by the claimant that appears less than
> candid; (2) unexplained or inadequately explained failure
> to seek treatment or to follow a prescribed course of
> treatment; and (3) the claimant's daily activities. . .
> In evaluating the credibility of the symptom testimony,
> the ALJ must also consider the factors set out in SSR 88-
> 13. . . . Those factors include the claimant's work
> record and observations of treating and examining
> physicians and other third parties regarding, among other
> matters, the nature, onset, duration, and frequency of
> the claimant's symptoms; precipitating and aggravating
> factors; functional restrictions caused by the symptoms;
> and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted instances demonstrating a lack of credibility on the part of plaintiff. The ALJ noted that plaintiff testified to pain from virtually any activity causing severe limitations and preventing him from doing activities he used to do, such as mountain biking. Tr. 17, e.g., Tr. 86. However, the ALJ found that physical therapy notes suggested plaintiff had greatly improved and that plaintiff was riding a bicycle 45 minutes a day five days a week. Tr. 17, 152, 218. The ALJ also noted that Dr. Clair Anderson found plaintiff is significantly symptom magnifying. Tr. 17, 185. Accordingly, the ALJ provided clear and convincing reasons for discounting plaintiff's pain testimony.

B.    Treating Sources

Plaintiff's treating psychiatrist, Dr. Hugh Henderson, opined that plaintiff suffers from disabling mental limitations. Tr. 210-12, 250-53. The ALJ rejected the opinion to the extent it amounted

4 - ORDER

to an opinion of disability.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ noted that in November of 2004, Dr. Henderson found severe limitations, but that in January of 2004, he indicated only moderate symptoms. Tr. 18, 228. The ALJ noted that Dr. Gale Smolen found plaintiff only had mild impairments. Tr. 18, 187-88 The ALJ also found that Dr. Henderson relied on plaintiff's subjective complaints which, as noted above, are unreliable. Tr. 18. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (Because the record supports the ALJ in discounting plaintiff's credibility, he was free to discount the doctor's opinion which was premised on subjective complaints).

Rehabilitation specialist, Dr. Thomas Peterson, opined that plaintiff has particular difficulty with looking up and down, Tr. 182, which may preclude some of the jobs identified by the ALJ such as surveillance system monitor and security guard. See Tr. 290-91. The ALJ rejected Dr. Peterson's assessment of severe restrictions as unsupported by the medical record and as based on plaintiff's symptom magnification.  Tr. 18.  As noted above, the ALJ may discount a doctor's opinion premised on subjective complaints.

C.   Other Work in the National Economy

Plaintiff contends that the ALJ failed with respect to his burden of production regarding plaintiff's ability to perform other work in the national economy beyond plaintiff's past relevant work. Plaintiff's argument is premised on accepting plaintiff's symptom testimony and Drs. Henderson and Peterson's opinions.  As noted above, the ALJ properly discounted these portions of the record.


CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.


DATED this   28th   day of ____June_____, 2007.


_____   s/ Michael R. Hogan_____
                                   UNITED STATES DISTRICT JUDGE


6 - ORDER